## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| FAIR HOUSING ADVOCATES ASSOC., INC., et al. | : | CASE NO. 2:03-CV-563 |
| | : | |
| Plaintiffs | | |
| | : | |
| vs. | | |
| | : | |
| TERRACE PLAZA APARTMENTS, et al. | : | |
| Defendants | : | |
| and | : | |
| PHYLLIS HARDY | : | **MOTION FOR SUMMARY JUDGMENT OF THIRD-PARTY DEFENDANT,** |
| Defendant/Third-Party Plaintiff | : | **OWNERS INSURANCE CO.** |
| vs. | : | |
| OWNERS INSURANCE CO. | : | |
| Third-Party Defendant | : | |

Third-party defendant Owners Insurance Company ("Owners") moves for summary judgment on all claims and causes of action asserted against it in third-party plaintiff Phyllis Hardy's ("Hardy") complaint for declaratory judgment. No coverage exists under Ms. Hardy's insurance policy with Owners for an award of attorney's fees ordered against Ms. Hardy, or any other insured under that policy, pursuant to the Ohio or federal Fair Housing Act. Ms. Hardy and her agents'

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

failure to cooperate under the policy also provides a basis for denial of coverage for attorney's fees in the underlying matter.  Finally, Owners did not waive any of its rights under the applicable policy of insurance, and should not be estopped from asserting those rights.  A supporting memorandum is attached.

                                      Respectfully submitted,

                                      s/Shawn M. Blatt
                                      Shawn M. Blatt (#0056051)
                                      FREUND, FREEZE & ARNOLD
                                      One Dayton Centre
                                      1 South Main Street, Suite 1800
                                      Dayton, Ohio 45402-2017
                                      (937) 222-2424
                                      (937) 222-5369 Fax
                                      sblatt@ffalaw.com
                                      Attorney for Third-Party Defendant
                                      Owners Insurance Company

**MEMORANDUM**

**I.**        **Summary**

Phyllis Hardy's insurance policy with Owners does not cover attorney's fees awards under the Ohio or federal Fair Housing Act because an attorney's fees award does not constitute "damages" arising out of discriminatory conduct and is not part of "costs" for the purpose of the supplementary payments provision in the policy.  Under both state and federal law, attorney's fees are separate from costs and comprise an independent remedy which do not qualify as either bodily injury, property damage, or personal injury under the policy.

In addition, this Court should also deny coverage for any award of attorney's fees because Phyllis Hardy and her agents failed to cooperate with Owners under the applicable insurance policy. Ms. Hardy and her agents initially denied telling the plaintiffs that they would not rent to families with small children. Yet, after constantly denying the claims, and after Owners incurred significant costs to defend the case, Ms. Hardy and her agents admitted that there were conversations and discussions regarding a refusal to rent to families with small children. As a result of that acknowledgment coming very late in the litigation of the underlying lawsuit, Owners incurred significant fees, costs, and expenses in defending that lawsuit. Therefore, Ms. Hardy and her agents' failure to cooperate prejudiced Owners in its ability to defend and settle the underlying lawsuit.

Lastly, Owners did not waive its right to deny coverage for attorney's fees in this matter. Owners submitted timely reservation of rights letters to Ms. Hardy and her agents, and Ms. Hardy received those letters. In those letters, Owners unequivocally reserved all rights under the applicable insurance policy, suggested that Ms. Hardy and her agents seek counsel for coverage issues, and alerted them that defense of the suit should not be interpreted as a waiver. As such, Ms. Hardy is not entitled to coverage for attorney's fees in this matter.

**II.    Statement of Facts**

Fair Housing Advocates Association, Inc. ("Fair Housing"), Karen Brown, and Loretta Brown ("the Browns") sued Terrace Plaza Apartments ("Terrace Plaza"), Martha Fattler ("Fattler"), Carla Myers ("Myers"), and Ms. Hardy, alleging discrimination in violation of the Fair Housing Act, based on the claim that the defendants refused to rent an apartment to the Browns because they had small children. *See generally* Complaint (June 20, 2003), So. D. Ohio, Eastern Division, case number C2-03-563. Ms. Hardy is the residential landlord and owner of Terrace Plaza. *See* Third-

Party Complaint for Declaratory Judgment (June 15, 2005), So. D. Ohio, Eastern Division, case number C2-03-563, ¶5. Fattler and Myers work for Ms. Hardy/Terrace Plaza. *See* Complaint, ¶¶7, 9.

    A.    <u>**Insurance coverage**</u>

Owners Insurance Company issued a commercial property and commercial general liability policy with policy number 004603-05204971-01 to Ms. Hardy for her operations in connection with her business as a residential landlord ("the policy"; a true and accurate copy of the policy is attached to Ms. Hardy's third-party complaint as Exhibit A). The policy generally provides liability coverage for bodily injury and property damage. *See generally* Third-Party Complaint, Ex. A, coverage a. However, the plaintiffs in the underlying suit did not assert claims for bodily injury or property damage. S*ee generally* Complaint; *see also* Third-Party Complaint, Ex. A. Rather, the plaintiffs alleged discrimination under the Ohio state and federal Fair Housing Act. *See generally* Complaint. "Personal injury" is defined under the policy as "injury other than bodily injury..." *See* Third-Party Complaint, Ex. A., coverage b - personal and advertising injury. "Personal injury" is defined to include "discrimination and humiliation." *See id,* personal injury extension coverage.

The plaintiffs in the underlying suit are claiming damages for discrimination based upon familial status. *See generally* Complaint. The policy states that "[Owners] will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury'...to which this coverage part applies." *See* Third-Party Complaint, Ex. A, section I – coverage b. No coverage for attorney's fees exists under the supplementary payments provision. Rather, that section provides the following coverage:

    1.    All expenses we incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit,' including actual loss of earnings up to $100 a day because of time off from work.

5. All costs taxed against the insured in the 'suit.'

6. Prejudgment interest awarded against the insured on the party of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

See *id*. at supplementary payments – coverages a and b. Therefore, only damages related to personal injury, and supplementary items one through seven, above, are covered under the policy.

The policy also sets forth a duty to cooperate on the part of the insured(s) as follows:

Section IV – Commercial General Liability Conditions

***

2. Duties in the Event of Occurrence, Claim Or Suit.

***

c. You and any other involved insured must:

5

>       (3)     Cooperate with us in the investigation, settlement or defense of the claim or 'suit' . . .

*See id.* at section IV.

### B. Reservation of rights letters

The underlying lawsuit was filed June 20, 2003. *See generally* Complaint. The defendants sought defense under the policy and Owners provided a defense to them. *See* Third-Party Complaint at ¶9. In September 2003, Owners issued a reservation of rights letter to Ms. Hardy, regarding the claims asserted against her in the underlying lawsuit (a true and accurate copy of that letter is attached hereto as Exhibit A). The letter pointed out certain claims that were not covered, including punitive damages and costs to correct Federal Fair Housing Violations. *See* Exhibit A. That letter also generally reserved <u>all</u> <u>rights</u> under the policy:

> <u>All rights, terms, conditions and exclusions in your policy are in full force and effect and are completely reserved.</u> No action by any employee, agent, attorney or other person on behalf of Owners Insurance Company or hired by the company on your behalf o others shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy.

*See id.* (Emphasis added). The September 2003 letter also encouraged that counsel be sought concerning the coverage issues. *See id.* Ms. Hardy admitted that she received this letter. Deposition of Phyllis Hardy (September 29, 2005), pp. 31 - 33.

Ms. Hardy received a second reservation of rights letter on or about March 30, 2004. (a true and accurate copy of that letter is attached hereto as Exhibit B). This letter nearly mirrored the September 2003 letter and contained another general reservation of all provisions of the policy:

> <u>All rights, terms, conditions and exclusions in your policy are in full force and effect and are completely reserved.</u> No action by any employee, agent, attorney or other person on behalf of Owners Insurance Company or hired by the company on your behalf o others

>shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy.

*See* Exhibit B (Emphasis added). Also just like the September 2003 letter, it recommended that Ms. Hardy retain counsel to protect her interests. *See id.* That letter was received and read as well. Hardy deposition (September 29, 2005), pp. 42 - 43.

A third and final reservation of rights letter was sent to Ms. Hardy on April 21, 2005 (a true and accurate copy of that letter is attached hereto as Exhibit C). The April 2005 letter specifically references the question of whether payment of attorney's fees is covered under the policy. *See id.* Further, the April 2005 letter states that attorney's fees will not be covered under the supplementary payment portion of the policy. *See id.* That letter also generally reserves all rights under the policy. *See id.* Again, the April 2005 letter emphasizes that counsel be sought for the coverage issues. *See id.* As evidenced in the first letter above, all three letters state that Owners' actions are not to be construed as waiving any provisions of the applicable policy. *See* Exhibit A; *see also* Exhibit B; *see also* Exhibit C. Ms. Hardy also received the final reservation letter. Hardy deposition (September 29, 2005), pp. 43 - 45.

    **C.**    **Duty to cooperate**

The underlying discrimination claims were previously defended before the Ohio Civil Rights Commission ("OCRC"), beginning July 2003. *See generally* State of Ohio Civil Rights Commission Complaint, Notice of Election and Notice of Hearing No. 9540 (a true and accurate copy is attached hereto as Exhibit D); *see also generally* Answer of Respondents, Terrace Plaza Apartments, Phyllis Hardy, Carla Myers and Martha Fattler to Complaint No. 9540 (a true and accurate copy is attached hereto as Exhibit E). Ms. Hardy, Fattler, and Myers denied all allegations of discrimination in their answer to the OCRC complaint. *See generally* Exhibit D; *see also generally* Exhibit E. Also during

the OCRC proceedings, Ms. Hardy's agent, Myers, submitted an affidavit denying the allegations of discrimination (a true and accurate copy of that affidavit is attached hereto as Exhibit F). Myers specifically denied that Terrace Plaza steered anyone from the property on the grounds of familial status and claimed that people with children were allowed onto the premises without exception. *See* Exhibit F.

After the underlying lawsuit was filed, Ms. Hardy, Myers, and Fattler continued to deny all allegations of discriminatory conduct at Terrace Plaza against the Browns. *See generally* Complaint; *see also generally* Defendants' Answer to Plaintiffs' Complaint (September 9, 2003). Later, after discovery occurred, Ms. Hardy changed her story and acknowledged that she may have advised Myers to disallow families with children to rent Terrace Plaza apartments, and that Myers may have believed that the same was a condition to renting to the Browns. *See* Deposition of Phyllis Hardy (March 26, 2004), pp. 31, 72 - 73, 81 - 82. Yet, Ms. Hardy had at all times before that denied any knowledge of discrimination and completely denied any basis for the claims that Terrace Plaza would not rent to families with children. The underlying lawsuit went to mediation and settled except for the question of attorney's fees, which was left open for determination by the Court, but well after a substantial discovery period, in which a large amount of money was spent retaining attorneys to defend Ms. Hardy, Terrace Plaza, Fattler, and Myers.

Ms. Hardy filed this declaratory judgment action seeking a court determination on the issue of coverage under the policy for attorney's fees as part of the costs in the underlying lawsuit. *See generally* Third-Party Complaint. Owners is entitled to summary judgment on Ms. Hardy's declaratory judgment action because no such coverage exists.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**III.     Law**

    **A.     The policy does not cover an award of attorney's fees in this case under Ohio law.**

The commercial general liability contract of insurance generally provides coverage if the insureds (Ms. Hardy, Fattler, Myers, and/or Terrace Plaza) become legally obligated to pay damages for "bodily injury" or "property damage." *See generally* Third-Party Complaint, Ex. A., coverage A section. The contract of insurance also extends insurance, under coverage b, for "personal and advertising injury liability." *Id.* at coverage b section. The policy defines personal injury to include "discrimination and humiliation." *Id.* at personal injury extension coverage.

In addition, coverage B also provides coverage for costs as follows:

> Supplementary Payments – Coverages A and B
>
> We will pay, with respect to any claim or 'suit' we defend:
>
>     \*\*\*
>
> 5.     All costs taxed against the insured in the 'suit.'

No coverage exists for attorney's fees that may be awarded by this Court as a result of the underlying lawsuit. Attorney's fees do not qualify as "bodily injury," defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any one time" under the policy. Third-Party Complaint, Ex. A., section V. Attorney's fees do not qualify as "property damage." *See id.* Attorney's fees are not "personal injury" as defined under the policy. *See id.* "Personal injury" is defined as:

> . . . other than 'bodily injury,' arising out of one or more of the following offenses:
>
> a.     False arrest, detention or imprisonment;

9

      b.      Malicious prosecution;

      c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord, or lessor;

      d.      Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services; or

      e.      Oral or written publication of material that violates a person's right to privacy.

                              ***

      f.      discrimination and humiliation.

*See id.*

Finally, attorney's fees are not covered under the "supplementary payments" provision of the policy because, although "costs" are covered, attorney's fees are not part of costs.

In *Muze v. Youghiogheny & Ohio Coal Company* (1991), 61 Ohio St.3d 173, 174, the Ohio Supreme Court reiterated that, in Ohio, "attorney fees" are not included as "costs" unless specified by statue. Therein, the Ohio Supreme Court noted its holding in *State, ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 338-339, where it stated:

> Costs, in the sense of the word is generally used in this state, may be defined as being the statutory fees to which . . . [specified individuals] are entitled for their services in an action . . . The word does not have a fixed legal signification. As originally used it meant an allowance to a party for expenses incurred in prosecuting or defending a suit. Costs did not necessarily cover all of the expenses <u>and they were distinguishable from fees and disbursements</u>. They are allowed only by authority of statute . . .

(Emphasis added).

The Ohio Supreme Court again stated the same point made in *Guilbert* in its 1956 decision of *State, ex rel. Michaels v. Morse* (1956), 165 Ohio St. 5599, 607:

> The general rule in Ohio is that, in the absence of statutory provision making attorney fees a part of the costs, such fees can not be so taxed...The subject of costs is one entirely of statutory allowance and control . . .

(Emphasis added).

The policy at issue only specifies coverage for "costs," not "attorney's fees." *See* Third-Party Complaint, Ex. A., supplementary payments - coverages a and b. "Costs" and "attorney's fees" are separated in the language setting forth those remedies available under the Ohio Fair Housing Act in R.C. §4112.051(D):

> (d) If the court or the jury in a civil action under this section finds that a violation of Division H of Section 4112.02 of the Revised Code has occurred, the court shall award to the plaintiff . . . actual damages, reasonable attorney's fees, court costs incurred in the prosecution of the action, expert witness fees, and other litigation expenses, and may grant other relief that it considers appropriate . . .

(Emphasis added). Section 4112.051(D) lists several items that may be awarded, and all of those items are separated by commas. "Attorney's fees" fall right after "damages." *See* 4112.051(D). "Attorney's fees" are further separate from "court costs," and are further separate from "expert witness fees" and "other litigation expenses." *See id.*

The Ohio Supreme Court has held that "costs," as the term is generally recognized in the law, do not include attorney's fees. *Guilbert, supra.* Unless attorney's fees are explicitly included as part of costs in the statute, they cannot be taxed or awarded as costs, and are not part of "costs" as that term is defined in the law. *Morse, supra.* Thus, based on how section 4112.051 is written, "attorney's fees" are separate from and independent of "costs."

11

Accordingly, and in line with the Ohio Supreme Court's holdings in *Muze, Guilbert,* and *Morse,* "attorney's fees" are not considered to be part of "costs" of an Ohio Fair Housing proceeding because they are not identified as such under section 4112.051. Therefore, the policy does not provide coverage for "attorney's fees" since it only specifies coverage for "costs."

**B.     The policy does not cover an award of attorney's fees in this case under federal law.**

The Federal Fair Housing Act at 42 U.S.C.S. §3613(c)(2) states: ". . . the court, in its discretion, may avail the prevailing party...a reasonable attorney's fee and costs."  In *United States v. Security Mgmt. Co.* (C.A. 7, 1996), 96 F.3d 260, 269 - 270, the United States Court of Appeals for the Seventh Circuit upheld a district court's conclusion that, since attorney's fees "are not given to aggrieved parties as compensation for past injuries," they cannot be viewed as "damages." The *Security Management* court specifically stated that the Federal Fair Housing Act classifies attorney's fees as separate from costs. *Id.* at 270; *citing* 42 U.S.C.S. §3613(c)(2). Even further, the *Security Management* court noted that, under the Federal Fair Housing Act, attorney's fees and costs are separate classes of statutory remedies, in addition to and thereby separate from an aggrieved party's right to damages. *Id.*

Thus, just like under the Ohio Fair Housing Act, R.C. §4112.051(D), attorney's fees are not covered under the policy for an award thereof made pursuant to 42 U.S.C.S. §3613(c)(2) because "costs" and "attorney's fees" are separated in the federal statutory grant of those remedies. Based on the way section 3613(c)(2) was drafted, "attorney's fees" are separate from and independent of "costs" because the applicable phrase does not read "costs, including attorney's fees," nor is there any reference that indicates attorney's fees are considered to be part of costs.

12

Under *Security Management*, "attorney's fees" should not be considered part of "costs" of a Federal Fair Housing Act proceeding because they are not specified as such under section 3613(c)(2). Therefore, the policy does not provide coverage for an award of "attorney's fees" under the section 3613(c)(2).

### C. Ms. Hardy and her agents are not entitled to coverage because they failed to cooperate.

Every insured must cooperate in the investigation and defense of a claim. *See Gabor v. State Farm Mut. Auto. Ins. Co.* (1990), 66 Ohio App.3d 141, 143; 583 N.E.2d 1041. When cooperation is a policy condition and an insured fails to cooperate, "the insurer may be relieved of further obligation with respect to a claim with which the insurer did not cooperate." *Id.* To constitute a defense to liability, an insured's lack of cooperation must result in material and substantial prejudice to the insurance company. *Id.* at 144.

When an insurance company seeks information, the insured is required to make a fair and frank disclosure of the information demanded by the company. *Id.* A material misrepresentation of the facts to the insurer regarding an incident is a violation of the terms in the policy and constitutes grounds for denial of coverage. *Luntz v. Stern* (1939), 135 Ohio St. 225, 232.

In *Wildrick v. North River Ins. Co.* (C.A. 8, 1996), 75 F.3d 432, the court held that an insurer was prejudiced as a matter of law because it acted upon a concealment by the insured and incurred extra and unnecessary expense in doing so that was more than minimal or inconsequential. The insured in *Wildrick* represented that the lawsuit came as a complete shock to him and that the allegations were untrue. The insured vehemently denied the claims that any improper conduct took place. Yet, the insured at one point contacted a United States Attorney to admit his misappropriation of funds entrusted to him. The *Wildrick* insurer gave notice that it was withdrawing defense because

13

the insured had failed to cooperate.  The insurer indicated that it was prejudiced due to a waste of time, effort, and expense occasioned by the insured's two-year denial of a wrongdoing.  The insurer argued that it would have attempted settlement earlier and would not have incurred such a large amount of fees to defend the insured if it had been award of the insured's conduct earlier.

The *Wildrick* court upheld the insurance company's action, stating that "the purpose of a cooperation clause is to protect insurers and prevent collusion between injured parties and that the kind of cooperation required is "honest cooperation" and "honest cooperation involves telling the truth [and]...it cannot be based on persistent falsehoods going to the very essence of the problem." *Wildrick*, 75 F.3d at 436.  The court also held that the expense incurred by the insurer was prejudicial as it was more than minimal or inconsequential and that the insurer was prejudiced as a matter of law – thus no coverage existed for the *Wildrick* insured's claims.  *Id.* at 438.

In this case, Ms. Hardy and her agents consistently denied any discriminatory conduct from the beginning, despite the fact that there was a discussion between Ms. Hardy and Myers about not renting to families with small children.  The attorney's fees would not have been incurred had Ms. Hardy and Myers been truthful from the beginning about the conversation and the fact that there had been a discussion about not renting to families with small children.  As a result, Owners incurred substantial defense costs and attorney's fees in defending the insured during this time.

Ms. Hardy and her agents initially denied the allegations that Terrace Plaza discriminated against families, including the Browns.  *See* Exhibit E; *see also* Defendants' Answer to Plaintiffs' Complaint; *see also* Exhibit F.  Their denials occurred both at the outset of the Ohio Civil Rights Commission level and continued well into the underlying lawsuit.  *See id.*  Much later, after discovery occurred, Ms. Hardy acknowledged that Myers told the prospective renter that they did

not rent to families with small children, and that Ms. Hardy may have given Myers reason to believe that was her wish. *See* Hardy deposition (March 26, 2004) at pp. 31, 72 - 73, 81 - 82.

Ms. Hardy and her agents constantly denied any knowledge of discrimination and further denied any participation in potentially discriminatory conduct. *See* Ex. E; *see also* Defendants' Answer to Plaintiffs' Complaint; *see also* Exhibit F. Then Ms. Hardy admitted that such conduct probably did occur. Hardy deposition (March 26, 2004) at pp. 31, 72 - 73, 81 - 82. That admission took place after substantial discovery had ensued, after a substantial amount of defense costs were incurred, and the case had been defended on the basis that the plaintiffs' allegations were simply wrong.

Accordingly, as a result of Ms. Hardy and her agents' actions, Owners has been damaged in the form of extensive defense costs and an increased value for the underlying plaintiffs' claim after the insured acknowledged misrepresenting the truth. Just like the situation in *Wildrick*, this case could have been settled for far less if Ms. Hardy and her agents had been truthful from the outset. Further, there would not have been significant defense costs incurred in defending this matter for a year had the insured early on acknowledged the facts that came to light during Ms. Hardy's March 2004 deposition. As such, Owners has been materially prejudiced due to Ms. Hardy and her agents' failure to cooperate. Consequently, there is no coverage in this matter and Ms. Hardy's third-party complaint should be dismissed.

**D. Owners did not waive its rights under the policy; estoppel does not apply.**

It is anticipated that Ms. Hardy will claim that Owners "waived" its right to deny coverage for a late reservation of rights to the attorney's fees issue. Owners did not fail to reserve rights on

the attorney's fees issue. The first reservation of rights letter, sent to Ms. Hardy, which she admits receiving, generally reserved all rights under the policy as follows:

> <u>All rights, terms, conditions and exclusions in your policy are in full force and effect and are completely reserved.</u> No action by any employee, agent, attorney or other person on behalf of Owners Insurance Company or hired by the company on your behalf o others shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy.

Ex. A.

Where an insurer generally reserves the right as to all portions of the policy, no waiver can be claimed, and the insurance company is entitled to assert all policy defenses. *See Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.* (1994), 93 Ohio app.3d 292, 638 N.E.2d 174. Owners generally reserved all rights, starting September 30, 2003. *See* Ex. A. As a result, no waiver can be claimed.

As a general rule, insurance coverage cannot be expanded through the doctrines of waiver or estoppel. *Erie Ins. Co. v. Favor* (1998), 129 Ohio App.3d 644, 718 N.E.2d 968. Waiver and estoppel should apply only in those cases where there is a clear misrepresentation of fact or when the insurer provides a defense without reserving its rights for a period sufficient to prejudice the insured's ability to conduct its own defense. *Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.* (1994), 93 Ohio App.3d 292, 638 N.E.2d 174.

In *Pizzini v. Am. Int'l Specialty Lines Ins. Co.* (C.A. 4, 2004), 107 Fed.Appx. 266, 2004 U.S. App. LEXIS 14246, the United States Court of Appeals for the Fourth Circuit affirmed a district court's holding that an insurer did not waive its rights under an insurance policy. The *Pizzini* insurer did not specifically state that failure to cooperate would be a ground on which to deny coverage in its reservation of rights letters to the insured, but the letters nevertheless did contain language

reserving the right to raise other issues and defenses that might affect coverage. *Id.* at 268.  The *Pizzini* insurer was also not estopped from asserting those defenses because the reservation of rights letters unequivocally communicated its intention to reserve its rights. *Id.*  Thus, the United States Court of Appeals agreed that no reasonable juror would conclude that the *Pizzini* insured suffered actual prejudice.

Another insurer's general reservation of rights defeated an insured's estoppel argument in *Alliance Gen. Ins. Co. v. Covington Enterprises, Inc.* (C.A. 7, 2000), 2000 U.S. App. LEXIS 16266.  The *Alliance* court held that general reservation of rights letters were sufficient to alert the insured that the insurer's defense of the suit was not a waiver of any of the conditions of the policy. *Id.* at *16 - *17.  The *Alliance* court further held that, as such, the insured was not misled or prejudiced. *Id.* at *17.

In this case, the reservation of rights letters were timely and unequivocally reserved all of Owners' rights under the policy.  The first letter came in September 2003, and Owners generally reserved all rights under all terms and conditions of the policy, and urged the insured to obtain counsel for the coverage issues.  *See* Exhibit A.  The second letter came in March 2004 and again reserved all rights under the policy and suggested independent counsel.  *See* Exhibit B.  The final letter cam in April 2005 and specified the fact that attorney's fees were not covered under the policy.  *See* Exhibit C.  Further, those letters all state that Owners' actions are not to be considered as waiving any provisions of the applicable policy.  *See* Exhibit A; *see also* Exhibit B; *see also* Exhibit C. Ms. Hardy received all of those letters.  *See* Hardy deposition (September 29, 2005), pp. 31 - 33, 42 - 43, 43 - 45.

17

Thus, as in *Pizzini* and *Alliance*, the reservations of rights letters in this case unequivocally communicate an intention to reserve all rights under the applicable insurance policy, and the insured was alerted that defense of the suit was not to be construed as a waiver of any of the provisions or conditions of the policy. Therefore, Ms. Hardy cannot claim that she was misled or prejudiced, and Owners should not be found to have waived its rights under the policy, or be estopped from asserting those rights.

**IV.    Conclusion**

For the aforementioned reasons, Owners respectfully submits that it is entitled to judgment as a matter of law on each and every claim and cause of action asserted against it in Ms. Hardy's third-party complaint for declaratory judgment.

Respectfully submitted,

s/Shawn M. Blatt
Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
(937) 222-5369 Fax
sblatt@ffalaw.com
Attorney for Third-Party Defendant
Owners Insurance Company

## **CERTIFICATE OF SERVICE**

       It is hereby certified that a true and exact copy of the foregoing was electronically filed and served this 12th day of December, 2005, upon:

William L. Willis, Jr.
HAVENS WILLIS LLC
141 East Town Street, Suite 200
Columbus, Ohio 43215
wwillis@havenswillis.com
Attorney for Defendant/Third-Party Plaintiff
Phyllis Hardy

Andrew L. Margolius
55 Public Square, Suite 1100
Cleveland, Ohio 44113
andrew@margoliuslaw.com

and

John Spenceley Marshall
Bicentennial Plaza
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
marshall@ee.net
Attorneys for Plaintiffs

Steven Michael Magas
SMITH ROLFES & SKAVDAHL
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
smagas@smithrolfes.com

and

Matthew Jon Smith
SMITH ROLFES & SKAVDAHL
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
msmith@smithrolfes.com
Attorneys for Defendants

 

                                                            s/Shawn M. Blatt
                                                            Shawn M. Blatt