**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| FAIR HOUSING ADVOCATES ASSOC., INC., et al. | : | CASE NO. 2:03-CV-563 |
| | : | |
| Plaintiffs | : | |
| vs. | : | |
| | : | |
| TERRACE PLAZA APARTMENTS, et al. | : | |
| Defendants | : | |
| and | : | |
| PHYLLIS HARDY | : | **THIRD-PARTY DEFENDANT, OWNERS INSURANCE COMPANY'S MEMORANDUM CONTRA THIRD-PARTY PLAINTIFF PHYLLIS HARDY'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant/Third-Party Plaintiff | : | |
| vs. | : | |
| OWNERS INSURANCE CO. | : | |
| Third-Party Defendant | : | |

**I.     Summary**

Third-Party Plaintiff's motion for summary judgment should be denied and Owners' motion for summary judgment should be granted, because Ohio and federal statutes provide that attorney's fees are not "damages" and are a separate remedy, distinguished from "costs." State and federal case law provides that the term "damages" in the contract of insurance does not include attorney's fees,

if such fees are awarded pursuant to the Ohio or Federal Fair Housing Act. Third-Party Plaintiff's motion for summary judgment should also be denied because, as the landlord, she initially repeatedly denied and then later acknowledged that there had been discussions regarding refusing to rent to families with young children. The failure to acknowledge that those discussions took place until long after the litigation was underway constituted a failure to cooperate, which voids any coverage for the attorney's fees incurred in protecting the case. Had Third-Party Plaintiff cooperated and acknowledged these discussions up front, the litigation would not have taken more than one year, and Owners and others would not have incurred the extensive fees and costs in the litigation.

## II.     Factual clarification

Third-Party Plaintiff Hardy is a residential landlord who made comments to her agent, Carla Myers, which Ms. Myers interpreted and integrated as the basis for denying housing to Karen Brown and Loretta Brown ("the Browns") because they had small children. *See* Deposition of Phyllis Hardy (March 26, 2004), pp. 31, 72-73, 81-82. Ms. Hardy withheld information about those discussions from Owners and defense counsel in the Browns' lawsuit for a substantial period of time. *See generally* Complaint (June 20, 2003); *see also generally* Defendants' Answer to Plaintiffs' Complaint (September 9, 2003); *see also generally* Exhibits D, E, and F to Owners' Motion for Summary Judgment. As a result of Ms. Hardy's late revelation, the Browns' discrimination suit went to mediation and settled for an increased amount with enhanced expenses to Owners and to the original plaintiff.

In her motion for summary judgment, Ms. Hardy ironically emphasizes the amount of attorney's fees currently at issue. Motion for Summary Judgment of Third-Party Plaintiff Phyllis Hardy (December 15, 2005), p. 6. Yet, the amount of those fees was directly caused by Hardy's failure to reveal her and her agents' wrongful conduct.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

From the outset of Ms. Hardy's litigation with the Browns, Owners unequivocally maintained all rights under its insurance policy with Ms. Hardy. *See generally* Exhibits A, B, and C to Owners' Motion for Summary Judgment. Owners did so by way of a series of reservation of rights letters, all of which were received by Ms. Hardy. Deposition of Phyllis Hardy (September 29, 2005), pp. 31-33. Each and every one of those letters contained a general reservation, reserving all rights under the policy, which includes Ms. Hardy and her agents' duty to cooperate with Owners and defense counsel. *See* Exhibits A, B, and C to Owners' Motion for Summary Judgment.

The final reservation of rights letter contained a specific reference to the question of coverage for attorney's fees, and states that attorney's fees will not be covered under the supplementary payment portion of the policy. *See* Exhibit C to Owners' Motion for Summary Judgment. Further, all of those letters emphasize to Ms. Hardy that (1) outside counsel should be sought for coverage issues; and (2) Owners' actions should not be construed as waiving any provisions of the applicable policy. *See* Exhibits A, B, and C to Owners' Motion for Summary Judgment.

The policy was issued by Owners to Ms. Hardy for her operations as a residential landlord for the corporation, Terrace Plaza Apartments. *See generally* Exhibit A to Third-Party Complaint for Declaratory Judgment. The policy extends personal and advertising injury coverage to include "discrimination and humiliation." *See id.* at personal injury extension coverage. The policy reads: "[Owners] will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' . . . to which this coverage part applies." *Id.* at coverage b. As displayed below and in Owners' Summary Judgment Motion, "damages" do not include attorney's fees because attorney's fees are not personal injuries caused by discrimination and are a specifically separate legal remedy, apart from damages, under the Ohio and Federal Fair Housing Acts. The policy also contains a supplementary payments provision, but that provision does not cover attorney's fees

3

either. *See* Ex. A to Third-Party Complaint at supplementary payments coverage. Rather, the supplementary payments provision covers a very specific variety of additional expenses, none of which include attorney's fees. *See id.* As such, Ms. Hardy is not entitled to coverage for an award of attorney's fees made under the Ohio or Federal Fair Housing Acts.

## III. Law and Argument

### A. Attorney's fees are not "damages" under either Ohio or federal law.

Owners agrees that Ohio law, and specifically statutory law, applies in this case. Third-Party Plaintiff does not refer or cite to any Ohio law or case as to whether attorney's fees are considered to be part of compensatory damages under the Ohio Fair Housing Act. Rather, Third-Party Plaintiff cites to a decision from the Eastern District of Michigan in which the court is applying Michigan law. *See Ypsilanti v. Appalachian Ins. Co.*, 547 E. Supp. 823 (E.D. Mich. 1982). In that case, the court could not find any Michigan case law that interpreted whether the term "damages" included attorney's fees assessed against an insured in litigation. However, the law in Ohio has specifically provides that attorney's fees are not part of a damage award.

An award of damages in this case is made either through the Ohio Fair Housing Statute or the Federal Fair Housing Statute. Thus, reference to those statutes must be made to determine if, in fact, attorney's fees are considered to be part of "compensatory damages." The state of Ohio has identified what awards may be made for discrimination under the Fair Housing Act. *See* R.C. 4112.051(D). That statute states the following:

> If the court or jury in a civil action under this section finds that a violation of division H . . . has occurred, the court shall award to the plaintiff . . . **actual damages, reasonable attorney's fees, court costs incurred in the prosecution of the action, expert witness fees, and other litigation expenses**. . . .

4

Thus, the law of Ohio separates "damages" from attorney's fees and specifically notes that attorney's fees are not considered to be a part of "damages." It is also clear from the statute that attorney's fees are not included as part of costs under the statute, as costs are specifically separated out as well. *See Muze v. Youghiogheny & Ohio Coal Co.* (1991), 61 Ohio St.3d 173, 174.

Moreover, the Federal Fair Housing Act separates attorney's fees from damages. At least one court that specifically considered the issue has held that attorney's fees are not considered damages under the Federal Fair Housing Act. *See United States v. Security Management Co., Inc. and Aetna Casualty & Surety Co.*, 96 F.3d 260 (7th Cir. 1996). The Seventh Circuit Court of Appeals set forth the logic as to why attorney's fees are not considered as "damages" and are therefore not covered under a general liability policy like the one in this case. The court stated:

> Last, we agree with the district court's conclusion that since attorney's fees are "not given to aggrieved parties as compensation for past injuries," these fees cannot be viewed as "damages." Where the obtaining of attorney's fees is expressly provided for by statute, a request for attorney's fees is not a request for "damages."

*Id.* at 269-270. The Seventh Circuit Court of Appeals noted that:

> Under the Fair Housing Act, attorney's fees and costs are separate classes of statutory remedies, in addition to -- and thereby separate from -- an aggrieved party's right to damages.

*Id.* at 270.

As in *Security Management*, the Ohio statute separates out damages from attorney's fees (as does the Federal Fair Housing Act), thereby separating the two as being separate statutory remedies. As noted by the court, attorney's fees do not qualify as damages for a specific injury. Rather, they are provided for by statute and are only awarded in the event of success in a lawsuit, not for an injury specifically incurred by the individual.

5

Further, the policy itself clearly demonstrates that attorney's fees are not considered damages. The policy provides liability coverage for bodily injury and property damages. *See*, *generally*, Third Party Complaint, Exhibit A. This case does not involve claims of bodily injury or property damage. Rather, it involves allegations of discrimination under the Ohio and Federal Fair Housing Acts. As a result, the only possible coverage would be that under the general liability policy for "personal injury." Personal injury is defined to include "discrimination and humiliation." The policy states that "[Owners] will pay those sums that the insured becomes legally obligated to pay **as damages because of "personal injury"... to which this coverage part applies**." That definition establishes that attorney's fees cannot be considered as part of damages. "Damages" generally means legal compensation for past wrongs or injuries and does not encompass either the costs of a lawsuit or attorney's fees incurred in bringing a lawsuit. *See School District of Shorewood v. Wausau Ins. Cos.*, 170 Wis. 2d 347, 488 N.E.2d 82 (1992).

In a case that examined the distinction between damages and attorney's fees, a Wisconsin court noted that the policy language itself limits payment to that definition of legal damages. *Id*. The statement that the insurer shall pay those sums that the insured becomes legally obligated to pay **as damages because of personal injury** limits those amounts to be paid. Owners did not agree to pay all sums which the insured shall become legally obligated to pay. By adding the term "as damages," means only those amounts awarded as compensatory damages. Adding the term "as damages" would be merely surplusage and irrelevant if, in fact, attorney's fees are considered as part of damages. Moreover, the insurance also would cover any other amounts awarded by a court in a legal proceeding. The court in *School District of Shorewood* stated as follows:

> This limited construction of the term "damages" is consistent with the basic grant of coverage in the insurance policies. The insurers agreed to pay "all sums which the insured shall become legally obligated to pay **as damages**." The insurers did not agree to pay "**all sums** which

6

> the insured shall become legally obligated to pay." The addition of "as damages" serves as a qualifier, a limit to coverage. The broad expansive interpretation of "damages" proposed . . . would render the phrase "as damages" mere surplusage because any expense incident to litigation would then be covered by the policies.

*Id.* at 370, 488 N.W.2d at 84.

All terms of a policy should be applied to give effect to the meaning. The fact that attorney's fees are not covered as damages is further demonstrated by the fact that the insurance contract specifically extends additional coverage for items incident to litigation under the Supplementary Payments Provision, Coverages A and B, attached to the policy (Ex. A., Section I, Complaint). In that section, coverage is provided for "all costs taxed against the insured in the suit," prejudgment interest, costs of bail bonds, and other items. Attorney's fees are not listed under the Supplementary Payments. By virtue of including these additional expense items, it is conclusive that attorney's fees are not covered and are not considered as "damages" for personal injury.

In fact, Third-Party Plaintiff relies upon a decision from the Sixth Circuit Court of Appeals which held that no coverage for attorney's fees existed under a CGL policy for that very reason. *See Sullivan County, Tennessee v. Home Indemnity Company* (C.A. 6, 1990), 925 F.2d 152. The court stated:

> The insurance policy at issue here, however, contains internal evidence demonstrating very persuasively that this particular policy used "damages" only in its conventional sense. As we have seen, the policy as originally published included a Supplementary Payments provision making "costs taxed against the insured" recoverable in addition to "damages." If "damages" had been used originally in a sense that already included costs, the quoted portion of the Supplementary Payments provision would have been totally unnecessary. . .

*Id.* at 153.

The *Sullivan* court determined that attorney's fees under section 1988 were included as <u>costs</u>, not damages. *Sullivan,* 925 F.2d at 152. In so doing, it decided that the policy term "damages" meant "damages" in the conventional sense -- e.g. as compensation for past injuries (*see Security Management, supra*) -- because the policy contained a supplementary payments provision, where the policy listed other items, such as costs. *Id.* at 153. Unlike the *Ypsilanti* court, the court in *Sullivan* interpreted the statute at issue -- section 1988 of the Civil Rights Act -- and concluded that attorney's fees are considered "costs" or "damages" only when Congress legislates them as part of "costs" or "damages" in the applicable statute. *Id.* Attorney's fees are <u>not</u> included as costs under the Ohio and Federal Fair Housing Acts.

The *Sullivan* court noted that there is a clear distinction between "costs" and "damages," and that Congress is free to put attorney fees in either category, of course; <u>but when an act of Congress unambiguously assigns such fees to one category, the courts are not free to pretend that Congress has assigned them to the other</u>. *Id., citing Oates v. Oates* (C.A. 6, 1989), 866 F.2d 203 (emphasis added).

The *Sullivan* court then emphasized that neither the *Ypsilanti* courts nor their litigants made any reference to the language of 42 U.S.C. 1988. *Id.* at 154. The *Sullivan* court felt that, had the attention of the panel that affirmed *Ypsilanti* been directed to the statutory language, the panel would have recognized that it was Congress' unambiguous intent in section 1988 to allow an award of attorney fees, <u>but only as an additional component of the traditional costs taxed by the court</u>. *Id.* (emphasis added). Section 1988 states that a prevailing party <u>may</u> be awarded ". . . a reasonable attorney's fee as part of the costs . . ." (Emphasis added). Thus, a prevailing party under section1988 may be awarded <u>costs only</u> or <u>costs including attorney's fees</u>. *See* 42 U.S.C. 1988. The *Sullivan* court hinted that the *Ypsilanti* appellate panel would have ruled in favor of the insurer if it

8

had argued that the statutory language of section 1988 sets forth attorney's fees as an optional component of costs, <u>only</u>, and, as such, the court was not free to categorize attorney's fees as damages. *Sullivan* at 154. As in *Sullivan*, the Ohio Legislature and Congress, in drafting the Ohio and Federal Fair Housing Acts, established that attorney's fees were separate remedies distinguished from damages and <u>not compensation for injury or costs</u>. Therefore, attorney's fees are not encompassed in damages or costs, and are not covered under the policy.

Other courts have held that requests for attorney's fees pursuant to other statutes do not constitute monetary damages as those terms are understood. *See Black Vlach v. Kent State University*, 70 Ohio App. 3d 407, 591 N.E.2d 348 (1990) (demand for costs, attorney's fees and civil forfeiture of $100 not a demand for "monetary damages" under R.C. 121.22). *See also*, *Santos v. Ohio Bureau of Workers' Compensation*, 101 Ohio St.3d 74, 801 N.E.2d 441 (2004) (request for attorney's fees, litigation expenses and court costs does not constitute a request for compensatory damages divesting common pleas court of jurisdiction).

The statute that determines whether attorney's fees are awardable designates attorney's fees as separate from damages. *See* R.C. 4112.051(D). Attorney's fees are neither a personal injury nor a bodily injury as defined under the statute. Rather, they are a statutory remedy that is solely provided for by statute. That statute does not define attorney's fees as part of damages but, rather, as a separate identifiable remedy. As a result, no coverage exists for attorney's fees under the policy.

Third-Party Plaintiff mentions two California decisions in her footnotes. The *Cutler-Orosi United School District v. Tulare County School Districts Liability/Property Self Insurance Authority* (Cal. App., 1995), 31 Cal. App. 4th 617, decision supports denial of Ms. Hardy's motion for summary judgment because it deals only with California contract law, and held that "attorney's fees" are not considered "damages." *AIU Ins. Co. v. Superior Court* (Cal., 1990), 51 Cal. 3d 807, is a decision

9

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

involving whether Comprehensive Environmental Response, Compensation and Liability ("CERCLA") response costs are "costs" under an insurance policy. The *AIU* court does not grapple with the question of attorney's fees anywhere in its opinion. *See AIU*, 51 Cal. 3d 807.

Therefore, *Ypsilanti* and *Sullivan* support judgment as a matter of law in Owners' favor, and the Court should disregard Third-Party Plaintiff's use of the California state decisions of *Cutler-Orosi* and *AIU*.

There is nothing ambiguous nor unclear about what the term "damages because of personal injury" means. The law is clear that attorney's fees are not awarded as part of damages unless there was some statutory remedy for attorney's fees. An award of attorney's fees in this case, if it will be made, would be made pursuant to the statute. The statute itself specifically separates out attorney's fees as a separate remedy from damages.

As a result, the term "damages" is to be given its ordinarily understood meaning and, specifically, that meaning assigned by the statute, which does not include attorney's fees. Based on the foregoing, no basis exists for the plaintiffs' claim that attorney's fees are included in damages and, as a result, this Court should overrule Third-Party Plaintiff's motion for summary judgment and grant Third-Party Defendant's motion for summary judgment, finding no coverage exists for any award of attorney's fees under the Owners policy.

### B. Third-Party Plaintiff's failure to cooperate also voids coverage for attorney's fees under the policy.

Every insured must cooperate in the investigation and defense of a claim and, when cooperation is a policy condition and an insured fails to cooperate, "the insurer may be relieved of further obligation with respect to a claim with which the insured did not cooperate." *Gabor v. State Farm Mut. Auto. Ins. Co.* (1990), 66 Ohio App. 3d 141, 143. To constitute a defense to liability, an insured's lack of cooperation must result in material and substantial prejudice to the insurance

10

company. *Id.* at 144. Further, a material misrepresentation of the facts to the insurer regarding an incident is a violation of the terms in the policy and constitutes grounds for denial of coverage. *Luntz v. Stern* (1939), 135 Ohio St. 225, 232.

This Court should overrule Ms. Hardy's motion for summary judgment and grant Owners' summary judgment motion because Owners was prejudiced by Ms. Hardy's failure to cooperate with Owners and defense counsel in the defense and investigation of the Browns' lawsuit. Throughout that suit, Owners unequivocally maintained all rights under its insurance policy with Ms. Hardy, which includes its right to deny coverage for an insured's failure to cooperate. *See generally* Exhibit A to third-party complaint, section (IV)(2)(C); *see also generally* Exhibits A, B, and C to Owners' Motion for Summary Judgment. Owners maintained that right by sending timely and clear reservation of rights letters. *See generally* Exhibits A, B, and C to Owners' Motion for Summary Judgment. Ms. Hardy received each and every one of those letters. Deposition of Phyllis Hardy (September 29, 2005), pp. 31-33.

As noted in Owners' motion for summary judgment, an insurer in a situation similar to Owners was found to have been materially prejudiced in *Wildrick v. North River Ins. Co.* (C.A. 8, 1996), 75 F.3d 432. The *Wildrick* insurer was prejudiced as a matter of law because it acted on an insured's concealment and, in doing so, incurred substantial extra and unnecessary expenses. The *Wildrick* insured vehemently denied any involvement in improper conduct, asserted that the underlying allegations against him were untrue, but later admitted to those allegations. *Id.*

Just like the *Wildrick* insured, Ms. Hardy and her agents consistently denied any improper (e.g. discriminatory) conduct from the outset of the Browns' complaints against them. *See* Exhibit E to Owners' Motion for Summary Judgment; *see also* Defendants' Answer to Plaintiffs' Complaint; *see also* Exhibit F to Owners' Motion for Summary Judgment. Much later, after discovery occurred

and a multitude of defense costs were spent by Owners, Ms. Hardy acknowledged that her agent refused to rent to families with small children, and that Ms. Hardy may have given that agent reason to believe that was her policy as landlord of the property. *See* Hardy Deposition (March 26, 2004) at pp. 31, 72-73, 81-82.

Thus, identical to the *Wildrick* insurer, Owners was damaged by way of unnecessary and extensive defense costs, <u>and an increased value for the Browns' claim after Ms. Hardy acknowledged misrepresenting the truth</u>. As such, Ms. Hardy and her agents' conduct materially prejudiced Owners. Consequently, there is no coverage for attorney's fees, and Owners is entitled to judgment as a matter of law on each and every claim and cause of action in the third-party complaint.

**IV.     Conclusion**

For the aforementioned reasons and the grounds set forth in Owners' motion for summary judgment, Ms. Hardy's motion for summary judgment should be denied and Owners' summary judgment motion should be granted.

Respectfully submitted,

/s/ Shawn M. Blatt
Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
(937) 222-5369 Fax
sblatt@ffalaw.com
Attorney for Third-Party Defendant
Owners Insurance Company

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and exact copy of the foregoing was served electronically through the Court's electronic filing system this 5th day of January, 2006, upon:

William L. Willis, Jr.
HAVENS WILLIS LLC
141 East Town Street, Suite 200
Columbus, Ohio 43215
wwillis@havenswillis.com
Attorney for Defendant/Third-Party Plaintiff
Phyllis Hardy

Andrew L. Margolius
55 Public Square, Suite 1100
Cleveland, Ohio 44113
andrew@margoliuslaw.com

John Spenceley Marshall
Bicentennial Plaza
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
marshall@ee.net
Attorneys for Plaintiffs

Steven Michael Magas
SMITH ROLFES & SKAVDAHL
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
smagas@smithrolfes.com

Matthew Jon Smith
SMITH ROLFES & SKAVDAHL
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
msmith@smithrolfes.com
Attorneys for Defendants

s/ Shawn M. Blatt
Shawn M. Blatt