**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| FAIR HOUSING ADVOCATES ASSOC., INC., et al. | : | CASE NO. 2:03-CV-563 |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| TERRACE PLAZA APARTMENTS, et al. | : | |
| Defendants | : | |
| | : | |
| and | : | |
| | : | |
| PHYLLIS HARDY | : | **REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF THIRD-PARTY DEFENDANT, OWNERS INSURANCE CO.** |
| Defendant/Third-Party Plaintiff | : | |
| vs. | : | |
| | : | |
| OWNERS INSURANCE CO. | : | |
| | : | |
| Third-Party Defendant | : | |

## MEMORANDUM

### A.  THE LAW IN OHIO IS CLEAR - ATTORNEY'S FEES ARE NOT COSTS UNLESS THE STATUTE SPECIFICALLY DEFINES ATTORNEY'S FEES AS COSTS

Third-Party Plaintiff now attempts to categorize attorney's fees as "costs," contrary to her

motion for summary judgment in which she attempted to categorize attorney's fees as "damages."

Third-Party Plaintiff's attempt to categorize attorney's fees as "costs" under the statute is specifically

rejected and prohibited by the Ohio Fair Housing Act, the Federal Fair Housing Act, and applicable law.

Third-Party Plaintiff is simply wrong when she states that all cases cited by Owners state that a statutory grant of attorney's fees "makes attorney's fees properly accessible against a losing party as costs." The Ohio Supreme Court has stated on several occasions that where there is no specific statutory provision making attorney's fees part of costs, attorney's fees are not awarded as "costs." *See* Mues v. Mayfield (1991), 61 Ohio St.3d 173. The Supreme Court specifically held that "the general rule in Ohio is that "in the absence of a statutory provision **making attorney's fees part of costs**, such fees cannot be so taxed." State ex rel. Michaels v. Morse (1956), 165 Ohio St. 599, 607, 138 N.E.2d 660, 666.

What Third-Party Plaintiff completely fails to acknowledge is that, in fact, there are statutes that define attorney's fees **to include costs**. Specifically, 42 U.S.C. § 1988 provides:

> The court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee **as part of the costs**.

42 U.S.C. § 1988. Thus, for claims made under Section 1988, attorney's fees are clearly included as costs and are thereby awardable as costs. This is true of other statutes in Ohio. For example, Ohio Rev. Code § 309.13 authorizing a taxpayer's suit states that if a taxpayer is successful and obtains judgment, "he shall be allowed his costs, **including a reasonable compensation to his attorney**." *See also* Ohio Rev. Code § 733.61: "If judgment is finally ordered . . . he may be allowed **as part of the costs** a reasonable compensation for his attorney."

Thus, in Ohio, some statutes define costs to **include** attorney's fees and some statutes separate attorney's fees from costs, as a separate statutory remedy. The Ohio Fair Housing Act and the Federal Fair Housing Act do not include attorney's fees as costs. In those statutes, attorney's fees

2

are included as a separate remedy and are not identified as part of costs. Specifically, the Ohio Fair

Housing Act, in R.C. § 4112.051(D) states that:

> If the court or the jury . . . finds that a violation of Division H of Section 4112.02 of the Revised Code has occurred, the court shall award . . . actual damages, reasonable attorney's fees, court costs . . .

Moreover, the Federal Fair Housing Act states that:

> The court, in its discretion, may avail the prevailing party . . . a reasonable attorney's fee and costs."

42 U.S.C. § 3613(C)(2). It is undisputed that the Federal Fair Housing Act classified attorney's fees

as separate from costs. United States v. Security Mgmt. Co., 96 F.3d 260 (7th Cir. 1996).

This distinction has been demonstrated through application of the Federal Rule 68 Offer of

Judgment procedures. Federal Rule of Procedure 68 provides that a party may offer judgment in any

action and when that offer is not accepted, if the judgment finally obtained is not more favorable than

the offer, then the offeree must pay the costs incurred after the offer was made. Fed. R. Civ. P. 68.

Courts have held that under Section 1988, as it is written, attorney's fees are part of costs and should

be awarded in addition to traditional costs. However, courts have held that where the statute does

not include attorney's fees as part of costs, attorney's fees are not awardable under Rule 68. *See*

Marek v. Chesney, 473 U.S. 1 (1985) (attorney's fees recoverable as costs because Section 1988

defines attorney's fees as costs); Haworth v. Nevada, 56 F.3d 1048 (9th Cir. 1995) (FLSA statute

defines attorney's fees separately from costs; therefore, unlike attorney's fees in Section 1983 action,

attorney's fees not awardable under Rule 68).

Unlike those statutes identified above, the Ohio Fair Housing Act and the Federal Fair

Housing Act identify attorney's fees as separate from costs, i.e., attorney's fees are not defined as

being "included as part of costs." They are a separate statutory remedy, identified separately from

costs and, as a result, are not covered under the contract of insurance as costs. The United State Court of Appeals for the Seventh Circuit has held that attorney's fees are separate from costs under the statute. United States v. Security Mgmt. Co. (C.A. 7th Cir. 1996), 96 F.3d 260, 270. That court noted that attorney's fees and costs are separate classes of statutory remedies in addition to the right to damages.

Neither the Ohio General Assembly, nor the United States Congress, sought to define attorney's fees as part of costs under their respective statutes. In other statutes, those legislatures have demonstrated that they know how to define attorney's fees as part of costs. Here, they did not and, therefore, costs and attorney's fees are separate.

Based on the foregoing, Owners respectfully submits that no coverage exists under the policy for attorney's fees, as that is not a grant of damage nor costs as defined by the state of Ohio or federal law.

**B.     THIRD-PARTY PLAINTIFF'S FAILURE TO COOPERATE ALSO VOIDS COVERAGE FOR ATTORNEY'S FEES UNDER THE POLICY**

Every insured must cooperate in the investigation and defense of a claim and, when cooperation is a policy condition and an insured fails to cooperate, "the insurer may be relieved of further obligation with respect to a claim with which the insured did not cooperate." Gabor v. State Farm Mut. Auto. Ins. Co. (1990), 66 Ohio App. 3d 141, 143. To constitute a defense to liability, an insured's lack of cooperation must result in material and substantial prejudice to the insurance company. Id. at 144. Further, a material misrepresentation of the facts to the insurer regarding an incident is a violation of the terms in the policy and constitutes grounds for denial of coverage. Luntz v. Stern (1939), 135 Ohio St. 225, 232.

4

This Court should grant Owners' summary judgment motion because Owners was prejudiced by Ms. Hardy's failure to cooperate with Owners and defense counsel in the defense and investigation of the Browns' lawsuit. Throughout that suit, Owners unequivocally maintained all rights under its insurance policy with Ms. Hardy, which includes its right to deny coverage for an insured's failure to cooperate. *See generally* Exhibit A to third-party complaint, section (IV)(2)(C); *see also generally* Exhibits A, B, and C to Owners' Motion for Summary Judgment. Owners maintained that right by sending timely and clear reservation of rights letters. *See generally* Exhibits A, B, and C to Owners' Motion for Summary Judgment. Ms. Hardy received each and every one of those letters. Deposition of Phyllis Hardy (September 29, 2005), pp. 31-33.

As noted in Owners' motion for summary judgment, an insurer in a situation similar to Owners was found to have been materially prejudiced in <u>Wildrick v. North River Ins. Co.</u> (C.A. 8, 1996), 75 F.3d 432. The <u>Wildrick</u> insurer was prejudiced as a matter of law because it acted on an insured's concealment and, in doing so, incurred substantial extra and unnecessary expenses. The <u>Wildrick</u> insured vehemently denied any involvement in improper conduct, asserted that the underlying allegations against him were untrue, but later admitted to those allegations. <u>Id</u>.

Just like the <u>Wildrick</u> insured, Ms. Hardy and her agents consistently denied any improper (e.g. discriminatory) conduct from the outset of the Browns' complaints against them. *See* Exhibit E to Owners' Motion for Summary Judgment; *see also* Defendants' Answer to Plaintiffs' Complaint; *see also* Exhibit F to Owners' Motion for Summary Judgment. Much later, after discovery occurred and a multitude of defense costs were spent by Owners, Ms. Hardy acknowledged that her agent refused to rent to families with small children, and that Ms. Hardy may have given that agent reason to believe that was her policy as landlord of the property. *See* Hardy Deposition (March 26, 2004)

5

at pp. 31, 72-73, 81-82.   However Ms. Hardy wishes to characterize that revelation, it lacks any credibility to assume that she suddenly "remembered" this key conversation after a year of litigation on the very subject.

Thus, identical to the <u>Wildrick</u> insurer, Owners was damaged by way of unnecessary and extensive defense costs, <u>and an increased value for the Browns' claim after Ms. Hardy acknowledged misrepresenting the truth</u>.  As such, Ms. Hardy and her agents' conduct materially prejudiced Owners.  Consequently, there is no coverage for attorney's fees, and Owners is entitled to judgment as a matter of law on each and every claim and cause of action in the third-party complaint.

Respectfully submitted,


<u>s/Shawn M. Blatt</u>
Shawn M. Blatt (#0056051)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
(937) 222-5369 Fax
sblatt@ffalaw.com
Attorney for Third-Party Defendant
Owners Insurance Company

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

## CERTIFICATE OF SERVICE

It is hereby certified that a true and exact copy of the foregoing was electronically filed and served this 13th day of January, 2006, upon:

William L. Willis, Jr.
HAVENS WILLIS LLC
141 East Town Street, Suite 200
Columbus, Ohio 43215
wwillis@havenswillis.com
Attorney for Defendant/Third-Party Plaintiff
Phyllis Hardy

Andrew L. Margolius
55 Public Square, Suite 1100
Cleveland, Ohio 44113
andrew@margoliuslaw.com

and

John Spenceley Marshall
Bicentennial Plaza
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
marshall@ee.net
Attorneys for  Plaintiffs

Steven Michael Magas
SMITH ROLFES & SKAVDAHL
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
smagas@smithrolfes.com

and

Matthew Jon Smith
SMITH ROLFES & SKAVDAHL
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
msmith@smithrolfes.com
Attorneys for Defendants

s/Shawn M. Blatt
Shawn M. Blatt

7