# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Fair Housing Advocates Assoc. Inc.,** *et al.*,

        **Plaintiffs,**

-V-                                      **Case No. 2:03-cv-0563**
                                             **JUDGE SMITH**
                                           **Magistrate Judge Abel**

**Terrace Plaza Apartments,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Third-Party Defendant Owners Insurance Co.'s Motion for Summary Judgment (Doc. 65), Defendant/Third-Party Plaintiff Phyllis Hardy's Motion for Summary Judgment (Doc. 69), Defendants' Objections to the Magistrate's August 13, 2004 Order (Doc. 43), Plaintiffs' Motion for Sanctions (Doc. 49), and Plaintiffs' Motion for Costs and Attorneys Fees (Doc. 55).  For the reasons that follow, the Court **GRANTS** Defendant Third-Party Plaintiff Phyllis Hardy's Motion for Summary Judgment; **DENIES** Third-Party Defendant Owners Insurance Co.'s Motion for Summary Judgment; **GRANTS** Plaintiffs' Motion for Ruling on Sanctions Issue and **OVERRULES** Defendants' Objections to the Magistrate Judge's August 13, 2004 Order; and **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Costs.

## I.      BACKGROUND

The Plaintiffs Fair Housing Advocates Association, Inc. ("Fair Housing"), Karen Brown, and Loretta Brown ("the Browns") initiated this declaratory judgment action against Defendants

Terrace Plaza Apartments ("Terrace Plaza"), Martha Fattler ("Fattler"), Carla Myers ("Myers"), and Phyllis Hardy ("Hardy") on June 20, 2003. Plaintiffs claimed that Defendants discriminated against the Browns on the basis of familial status, specifically that they refused to rent to them because they had small children, in violation of Federal and Ohio Fair Housing Acts, 42 U.S.C. §§ 3604 and 3618 and Ohio Revised Code § 4112 *et seq.*

During the course of discovery, it was revealed that the Plaintiffs' claims were based on certain statements made by Carla Myers, the manager of the Terrace Plaza Apartments, to Plaintiffs Karen and Loretta Brown, implying that Terrace Plaza would not rent apartments to people with children. After this was revealed, the parties were able to reach a settlement in this matter. There is no dispute that Plaintiffs are entitled to attorneys' fees as it is statutorily guaranteed in 42 U.S.C. § 3604, the federal and state fair housing laws. The only issue remaining in this case is whether the insurance policy for Terrace Plaza covers Plaintiffs' attorneys' fees.

Defendant Hardy is insured with Owners Insurance Company for her operation of Terrace Plaza. Owners issued a commercial property and commercial general liability policy to Ms. Hardy, policy number 004603-05204971-01, with a personal injury limit of one million dollars (the "Policy"). The Policy is subject to an endorsement entitled Commercial General Liability Plus Endorsement, number 55091. It is under this endorsement that Owners is defending the action because paragraph 5 includes personal injury extension coverage which includes discrimination and humiliation within the definition of personal injury.

The parties agree upon the applicable Policy sections in this case, but the dispute arises over the scope of coverage under the Policy. The applicable sections of the Policy are as

-2-

follows:

Section I, Coverage B specifically states:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" to which this coverage part applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III); and

(2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS COVERAGE A AND B.

Supplementary Payments-coverage A and B specifically states:

We will pay with respect to any claim or "suit" we defend:

1.     All expenses we incur.

2.     Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3.     The cost of bond to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4.     All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $100 a day because of time off from work.

5.     All costs taxed against the insured in the "suit."

6.     Prejudgment interest awarded against the insured on the party of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7.     All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

Over the course of the litigation of this case, Owners issued three reservation of rights

-3-

letters to Ms. Hardy to explain what claims were not covered, such as punitive damages and costs to correct Federal Fair Housing Violations.  The first and second letters (September 2003 and March 30, 2004) were standard and basically contained the same information including a general reservation of all rights under the policy:

> All rights, terms, conditions and exclusions in your policy are in full force and effect and are completely reserved.  No action by any employee, agent, attorney or other person on behalf of Owners Insurance Company or hired by the company on your behalf or others shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy.

The third and final reservation of rights letter (April 21, 2005),[1] differs slightly from the previous two in that it specifically references Owners' position with respect to attorneys fees.  Specifically, the letter states that "Plaintiffs Attorney is seeking compensation of his legal fees associated with this suit.  The insuring agreement for "personal injury" states the following in your policy: No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B."

Ms. Hardy, in her Third-Party Complaint, is seeking a declaratory judgment on the issue of coverage under the Policy for attorneys' fees as part of the costs in the underlying lawsuit.

## II.      SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[1]  Attached to Owners' Motion as Exhibit D, incorrectly referred to as Exhibit C in Owners' Motion for Summary Judgment

issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).[2] The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. Id. Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. Id.

_____

[2] Reeves involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment under Fed. R. Civ. P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, Reeves, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the nonmoving party. In re Morris, 260 F.3d 654, 665 (6th Cir. 2001). As such, Reeves did not announce a new standard of review for summary judgment motions.

The Sixth Circuit Court of Appeals has recognized that <u>Liberty Lobby</u>, <u>Celotex</u>, and <u>Matsushita</u> have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in <u>Street</u> identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. <u>Id.</u> at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" <u>Id.</u> (*quoting* <u>Liberty Lobby</u>, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. <u>Id.</u> It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" <u>Id.</u> (*quoting* <u>Matsushita</u>, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." <u>Id.</u> at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. <u>In re Morris</u>, 260 F.3d 654, 665 (6th Cir. 2001).

## III.    DISCUSSION

Third-Party Plaintiff Ms. Hardy asserts that attorneys' fees are recoverable under the Policy either as damages Ms. Hardy is obligated to pay or as costs taxed against Ms. Hardy in this lawsuit. Ms. Hardy is therefore seeking a declaration that Owners is required under the Policy to pay

Plaintiffs' attorneys fees.

Third-Party Defendant Owners Insurance Company, on the other hand, argues that it is entitled to summary judgment on the declaratory judgment action because no such coverage for attorneys' fees exists. Owners also argues that the Court should deny coverage for attorneys' fees because Ms. Hardy and her agents failed to cooperated in defending the lawsuit causing Owners to incur additional expenses in defending the lawsuit rather than just working to settle it.

**A.      Insurance Coverage**

The insurance Policy at issue in this case is silent as to attorneys' fees. The Policy specifically states that "[Owners] will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury'...to which this coverage part applies." *See* Section I - coverage b. Personal injury is defined to include discrimination and humiliation. The insured, Ms. Hardy, argues that this language in the Policy can be read to include the payment of attorneys' fees. Specifically, Ms. Hardy argues that Plaintiffs' attorneys' fees are either damages assessed against the losing party or costs that should be assessed against the loser to compensate the victor for their efforts.

Under Ohio law, an insurance policy is a contract and interpretation of the contract is a matter of law. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978). If the intent of the parties is clear and unambiguous on the face of the contract, a court must enforce the contract as written. *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 64 Ohio St.3d 657 (1992). Ohio law provides that, where a contract term is free of ambiguity, the contract is to be construed according to its ordinary meaning. *See Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St. 3d 107 (1995). However, if the language of the insurance policy is ambiguous, as in the case at bar,

-7-

the contract must be strictly construed against the insurer.  *Columbiana County Bd. of Commissioners v. Nationwide Ins. Co.*, 1998 WL 668727, *3, Ohio App.3d (7th Dist. 1998).

The Court finds there is ambiguity as to what constitutes damages under the Policy.  An insurer is free to specify exactly what constitutes "damages" and what constitutes "costs," but chose not to do so.  When an insurance contract does not provide legal definitions of terms like those at issue, the question of whether something falls within a particular category is one of state insurance law.  *City of Sandusky v. Coregis Ins. Co.*, 2006 U.S. App. LEXIS 18002, 10-14 (6th Cir. 2006).


No where in the Policy are attorneys' fees mentioned, therefore, it leaves open the possibility that they could be construed as damages.  *See, e.g., City of Kirtland v. Western World Ins. Co.*, 43 Ohio App. 3d 167 (Ohio App. 1988)(where "money damages" was not defined, the term was ambiguous and could include a § 1988 award the insured was forced to pay to plaintiffs in an underlying action); *Sylvania Twp. Bd. of Trustees v. Twin City Fire Ins. Co.*, 102 Ohio St. 3d 1416 (2004)(finding "damages" to be ambiguous and therefore possibly including an award of attorney fees that the insured had to pay as a result of a state statute).

The fact that the insurance Policy states that it will pay those sums the insured becomes legally obligated to pay as damages, suggests that the sums include all damages that arise due to the success of Plaintiffs' lawsuit.  In this case, there is no question that the Plaintiffs are prevailing parties and therefore as a result of Defendant's discrimination, Plaintiffs are entitled to attorneys' fees.  Pursuant to the Fair Housing Act of 1988, 42 U.S.C. § 3604 et seq., a prevailing party is permitted to recover reasonable attorneys' fees and costs.  The award of attorneys' fees under the Fair Housing Act is not an independent claim that is to be evaluated and determined if it is covered

-8-

under the insurance Policy, but rather, it is dependent upon the success of other claims for relief.

Owners argues that under the Federal Fair Housing Act, the Policy should not be construed to include an award of attorneys' fees.  Specifically, Owners argues that since the Federal and Ohio Fair Housing Acts separate attorneys' fees from damages, then attorneys' fees should not be covered as damages under the insurance Policy at issue in this case.  While the facts of some cases may dictate a finding that Owners is seeking, the facts of this case do not.  Owners cites several cases in support of its position as to why attorneys' fees are not considered damages, and those cases appear to reach the correct conclusion.  However, in this case, the language of the insurance Policy is ambiguous.  Owners has contracted to pay those damages the insured becomes legally obligated to pay.  The insured could construe this language to mean any amount that the insured is ordered by the court to pay to the prevailing party, including attorneys' fees.  Owners could have specifically excluded attorneys' fees in the Policy but chose not to do so.  Therefore, finding that the language of the Policy is ambiguous and could be interpreted to include attorneys' fees, the Policy must be construed in favor of the insured.  Ms. Hardy is therefore entitled to coverage for the attorneys' fees she must pay to the Plaintiffs in this case.

## B.     Insured's Duty to Cooperate

Owners' argues that Ms. Hardy and her agents are not entitled to insurance coverage because they failed to cooperate in their defense as required under the Policy.  Ms. Hardy, however, argues that she fully cooperated with Owners in every stage of the litigation.

When cooperation is a policy condition, as it is in the case at bar, and an insured fails to cooperate, "the insurer may be relieved of further obligation with respect to a claim with which the

insurer did not cooperate." *Gabor v. State Farm Mut. Auto. Ins. Co.*, 66 Ohio App.3d 141, 143 (1990).

Owners argues that Ms. Hardy and her agent consistently denied any discriminatory conduct which was a material misrepresentation and resulted in prejudice to Owners.  Ms. Hardy, however, claims that she does not recall a conversation where she allegedly stated that she wished Terrace Plaza Apartments did not have to rent to people with children.  Ms. Hardy did, however, make full and fair disclosures to Owners as soon as she had knowledge of any and all material information. While Owners may have incurred some additional attorneys' fees in defending the action before this information was revealed and it decided to work toward settlement, this was not a result of any failure to cooperate by Ms. Hardy.  It is not uncommon during the course of litigation for facts to come to light that may have been forgotten due to the passage of time.  Further, Ms. Hardy did not have any knowledge that Ms. Myers unilaterally denied an apartment to Plaintiffs based on the comment by Ms. Hardy until well into the litigation.  Therefore, there has been no prejudice to Owners and Ms. Hardy is entitled to coverage under the Policy.

## C.    Owners' Reservation of Rights

Owners asserts that it anticipates that Ms. Hardy will claim that Owners waived its right to deny coverage for a late reservation of rights to the attorneys' fees issue.  Ms. Hardy, however, does not appear to raise this argument in her briefs.  Even if this issue were raised, after careful review of Owners' reservation of rights letters, Owners has reserved all rights under the Policy by stating in each letter, "All rights, terms, conditions and exclusions in your policy are in full force and effect and are completely reserved."  Therefore, Owners reserved all rights under the Policy in all of the reservation of rights letters sent to Ms. Hardy and did not waive any rights.

IV.   PLAINTIFFS' MOTION FOR RULING ON SANCTIONS ISSUE AND
      DEFENDANTS' OBJECTIONS TO THE MAGISTRATES AUGUST 13, 2004
      ORDER

On August 13, 2004, the Magistrate Judge granted plaintiffs Fair Housing Advocates
Association, Inc., ("FHAA") Karen Brown, and Loretta Brown's June 3, 2004 Motion to Strike All
or Part of Defendants' Rule 68 Offer of Judgment and Motion for Sanctions (Doc. 36). *See* Doc.
42. On August 27, 2004, Defendants Terrace Plaza Apartments, Phyllis Hardy, Martha Fattler, and
Carla Myers objected to the Magistrate Judge's Order. *See* Doc. 43. Plaintiffs filed a Memorandum
in Opposition to Defendants' objections on September 2, 2004 (Doc. 44).

Defendants object to the Magistrate Judge's decision to grant Plaintiffs' Motion for
Sanctions requiring Defendants to pay Plaintiffs' attorneys' fees and costs in bringing their motion.
Defendants argue that the Local Rules encourage, and sometimes require, communication between
counsel prior to seeking judicial intervention, and Plaintiffs failed to attempt to resolve the dispute
through informal efforts. Defendants argue that Plaintiffs should not be rewarded with attorneys'
fees after failing to engage in informal methods to resolve the dispute. Defendants maintain that
there has been no showing of "unreasonable or vexatious" conduct by defense counsel.

Defendants also request that the Court stay any ruling on attorneys' fees until the case is
resolved because they have admitted a violation of fair housing practices and laintiffs may recover
attorneys' fees as a result. Defendants maintain that the Court should not hear arguments on
attorneys' fees more than once, and judicial economy would be served by allowing just one hearing
on the issue of attorneys' fees. In the event that the Court determines that it is appropriate to decide
the issue of attorneys' fees at the present time, Defendants request a hearing to challenge the

-11-

reasonableness of Plaintiffs' attorneys' fees in the amount of $3,670.01 for 14.97 hours of legal work billed at $245.00 per hour.

Plaintiffs maintain that Defendants' conduct was inexcusable and warrants sanctions. Plaintiffs argue that Defendants' aggressive defense of this case made it unfathomable to attempt informal means of resolving the dispute. Plaintiffs seek sanctions for including extraneous material in the Rule 68 offer of judgment and known confidential information.

Plaintiffs argue that Defendants improperly revealed confidential discussions and negotiations from court-ordered mediation. Plaintiffs also argue that Defendants improperly attached a confidential memorandum between FHAA and its legal counsel in contravention of Opinion 93-11 of the Ohio Board of Commissioners on Grievances and Discipline. Plaintiffs maintain that Defendants' aggressive defense of this case has included neglecting to review the evidence, ridiculing and belittling Plaintiffs, cancelling depositions unilaterally, and threatening sanctions.

Plaintiffs also argue that Defendants' request to stay the ruling on the basis that the Plaintiffs will eventually receive attorney fees is unreasonable. Delay in enforcing the sanctions would only benefit Defendants who acted improperly.

Here, sanctions were not awarded under Rule 37, which requires consultation between counsel before filing a discovery motion, but under 28 U.S.C. § 1927, which does not. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Sanctions under § 1927 are warranted "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, [and] a trial court does not err by assessing fees attributable to such actions against the attorney." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)(holding that 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for "unreasonable and vexatious" multiplication of litigation despite the absence of any conscious impropriety).  A showing of bad faith is not required.  *Id.*

It was improper for Defendants to file their offer of judgment because it was not accepted by Plaintiffs; and the offer of judgement itself included confidential information from court-ordered mediation.  There is a strong public interest supporting the confidentiality of settlement negotiations:

> The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system. In order for settlement talks to be effective, parties must feel uninhibited in their communications. Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of "impeachment evidence," by some future third party. Parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative *quid pro quos,* and generally make statements that would otherwise belie their litigation efforts. Without a privilege, parties would more often forego negotiations for the relative formality of trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost.

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).

Furthermore, Local Rule 16.3(c)(1) provides in pertinent part:

> evidence of conduct or statements made in settlement negotiations is not admissible to prove liability for or invalidity of a claim or its amount. In order to promote candor and protect the integrity of this Court's ADR processes, in addition to other protections afforded by law all communications made by any person (including, but not limited to parties, counsel, and judicial officers or other neutral participants) during ADR proceedings conducted under the authority of this Court are confidential, and are subject to disclosure only as provided in subsection (c)(3) of

this Rule.

Local Rule 16.3(c)(3)(A) provides for disclosure by neutrals in limited circumstances which are not applicable to this case because defendants' counsel, rather than a neutral, made the disclosure.

Although a Court may strike an improperly filed Rule 68 offer of judgment *sua sponte*, in this case, Plaintiffs were forced to act because within Defendants' improperly filed offer of judgment Defendants had breached the confidential nature of settlement proceedings.  Because Defendants should have known that it was improper for them to file an offer of judgment prior to acceptance and to disclose confidential information from court-ordered mediation, sanctions are warranted.

Defendants' Objections are therefore **OVERRULED**.  Plaintiffs shall submit to Defendants a detailed list of attorneys' fees incurred in relation to the Defendants' acts of improperly filing the offer of judgment.  The Magistrate Judge shall then schedule a hearing to address Defendants' arguments regarding the reasonableness of the attorneys' fees requested by Plaintiffs.


## V.    PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

Plaintiffs have moved pursuant to 42 U.S.C. 3613(c)(2) and O.R.C. 4112.051, for an order granting costs and attorneys fees in this matter.  Although the Court and the parties discussed this issue as one to be resolved subsequent to a proposed declaratory action between Defendants and their insurance company, Plaintiffs' assert that they filed this Motion for purposes of potential timeliness concerns.

Fees are expressly authorized by statute as the Plaintiffs are prevailing parties in this fair housing action. *Price v. Pelka*, 690 F.2d 98, 101 (6th Cir. 1982).  Fees are appropriate if a prevailing party succeeds, or succeeds on any significant issue in the litigation "which achieves

-14-

some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424,

433,

435 (1983).

Now that all other issues in this case have been addressed, the only remaining issue is the

reasonableness of the attorneys' fees requested by Plaintiffs as the prevailing party. Plaintiffs

shall therefore submit their attorneys' fees to Defendant within ten (10) days of receipt of this

Order. The Magistrate Judge will then schedule a hearing to address Defendants' arguments

regarding the reasonableness of the attorneys' fees requested by Plaintiffs with respect to the

offer of judgment issue and the remaining attorneys' fees incurred by Plaintiffs throughout the

case.

## VI.    CONCLUSION

Based on the above, the Court **GRANTS** Defendant/Third-Party Plaintiff Phyllis Hardy's

Motion for Summary Judgment; **DENIES** Third-Party Defendant Owners Insurance Co.'s

Motion for Summary Judgment; **GRANTS** Plaintiffs' Motion for Ruling on Sanctions Issue and

**OVERRULES** Defendants' Objections to the Magistrate Judge's August 13, 2004 Order; and

**GRANTS** Plaintiffs' Motion for Attorneys' Fees and Costs.

The Clerk shall remove Doc. 43, Doc. 49, Doc. 55, Doc. 65, and Doc. 69 from the

Court's pending motions list.

**IT IS SO ORDERED.**


 **/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**

**UNITED STATES DISTRICT COURT**